UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO. 12-11790-RGS

KENNETH OSBORNE

v.

COMMONWEALTH OF MASSACHUSETTS,
DEPARTMENT OF CORRECTIONS, and
SUPERINTENDENT CORSINI, MTC

ORDER ON DEFENDANTS' MOTION TO DISMISS

January 25, 2013

STEARNS, D.J.

On June 26, 2006, petitioner Kenneth Osborne was convicted in Suffolk Superior

Court of assault with intent to rape and indecent assault and battery.  On July 24, 2006,

Osborne was sentenced to serve eight to ten years in state prison for the assault with

intent to rape and a consecutive five-year probation term, following his release, for the

indecent assault and battery.  After a series of motions filed in the Superior Court, and

an unsuccessful June 10, 2010 appeal to the Massachusetts Appeals Court, Osborne's

application to the Supreme Judicial Court for further appellate review (ALOFAR) was

denied on June 29, 2010.  On September 25, 2012, Osborne filed this petition  pro se

under 28 U.S.C. § 2254 seeking writ of habeas corpus.

In the fact section of Ground One of his habeas Petition, Osborne sets out the

following claims:

> Amendment Violations – 6th Confrontation as seen in Attached Copy of Memorandum And Order Pursuant to Rule 128 For Appellate Attorney Jennifer H. O'Brien" – (1) Victim wasn't brought into court, Confrontation violation; (2) A.D.A. testified against instructions of the Court (specific information); (3) Judge allowed four separate references [at trial] to information that she herself ordered not to be revealed; (4) missing trial transcripts were essential in this case and facts were misrepresented; (5) Counsel Misrepresentation in first trial by not informing me of proper information by police officers led to my not taking a plea that I would have taken if I'd known otherwise; (6) Perjury committed by officers in trial which is on record.

Pet. at 6. Later in the Petition, Osborne complains that there was a "[v]iolation of Article III committed when the Judge allowed the characterization of the assault as a 'sexual' one by the police witnesses and additional portions of the prosecutor's closing argument created a substantial risk of a miscarriage of justice." *Id.* at 16. Osborne also asserts a due process violation because he was only made aware of the missing transcripts five years after his conviction, causing him to "all but wrap [his] sentence of 8 to 10 years." *Id.* at 19.

On December 27, 2012, defendants moved to dismiss Osborne's petition asserting that he has failed to exhaust his available state court remedies as to six of the seven claims in his petition. To date, Osborne has failed to oppose the motion.

**Prior State Court Proceedings**

On September 26, 2000, a Suffolk County grand jury returned indictments

charging Osborne with one count of assault with intent to rape, in violation of Mass. Gen. Laws ch. 265, § 24; one count of indecent assault and battery on a person fourteen years of age or older, in violation of Mass. Gen. Laws ch. 265, § 13H; and one count of assault and battery, in violation of Mass. Gen. Laws ch. 265, § 13A. *See* Defs.' App. at 7, 20 . At a March of 2004 trial before Judge Barbara Rouse, the jury found Osborne guilty of all three crimes. *See id.* at 11. Judge Rouse sentenced Osborne to serve eight to ten years in state prison on the conviction for assault with intent to rape. She also imposed two concurrent five-year probationary sentences on the remaining counts, to be served after the committed portion of the sentence. *See id.* at 12.

On December 13, 2005, the Massachusetts Appeals Court reversed Osborne's conviction on the charges of assault with intent to rape and indecent assault and battery, but affirmed the conviction for assault and battery. *See id.* at 13. On April 12, 2006, in preparation for Osborne's retrial, the Commonwealth filed a motion in limine seeking to introduce evidence of uncharged sexual assaults on other women immediately prior to and following the indicted crime. *See id.* The Commonwealth also sought to introduce Osborne's testimony from the prior trial. *See id.* at 14. Over Osborne's objection, on June 16, 2006, Judge Geraldine Hines allowed both of the the Commonwealth's motions.

Osborne's second jury trial began on June 21, 2006, before Judge Hines. *See id.* at 15. On June 26, 2006, after the Commonwealth had rested and again at the close of all of the evidence, Osborne moved for required findings of not guilty. *See id.* at 15. Judge Hines denied both motions, and the jury convicted Osborne of both crimes. Osborne immediately filed a Notice of Appeal. On July 24, 2006, as previously noted, Osborne was sentenced.

Between October of 2007 and October of 2008, Osborne filed a motion to compel the production of two missing transcripts together with motions to dismiss or stay his sentence pending appeal. When the transcripts could not be located (they involved the trial days of June 22 and 23, 2006), on February 9, 2009, Judge Hines ordered the parties to attempt to reconstruct the record. To that end, trial counsel for the Commonwealth and for Osborne each filed affidavits regarding their recollection of the proceedings. *See id.* at 18-19.

On July 8, 2009, Osborne filed a second motion for a new trial based on the lack of a complete transcript. *See id.* at 18. Judge Hines conducted a hearing on the motion on August 7, 2009. On September 28, 2009, Osborne filed another motion for post-conviction relief setting out twelve substantive claims of error and seeking a new trial, dismissal, and a stay of execution of sentence. Judge Hines held a hearing on Osborne's many pending motions on November 9, 2009. On February 4, 2010, she

denied all of the motions. *See* App. at 19.   The next day, Osborne noticed an appeal of Judge Hines' decision. *See id.*

After cross-motions by Osborne and the Commonwealth were filed, Judge Hines issued an Order settling the appellate record on March 15, 2010. *See id.*  On June 10, 2010, the Massachusetts Appeals Court consolidated Osborne's appeal from the denial of the renewed motion for a required finding of not guilty or a new trial with the direct appeal. *See* App. at 21.  On May 16, 2011, the Massachusetts Appeals Court affirmed the judgments in an unpublished decision, *Commonwealth v. Osborne*, 79 Mass. App. Ct. 1118 (2011).

On May 20, 2011, Osborne filed an ALOFAR in the Supreme Judicial Court. *See id.* At 27 - SJC docket No. FAR-19861.  In his ALOFAR, Osborne raised the following claims: (1) whether his motion for a new trial should have been allowed insofar as appellate counsel was unable to provide effective assistance without a complete transcript, and whether it was unjust to use transcripts from the first trial to recreate the record; (2) whether the judge erred by allowing the Commonwealth to introduce evidence of other bad acts committed by the defendant over his objection; (3) whether the judge's refusal to give a missing witness instruction pursuant to defendant's request was manifestly unreasonable; and (4) whether the introduction of certain statements of a police witness violated *Crawford v. Washington*, 541 U.S. 36

(2004).  *See* App. at 89, 95-104.  On June 29, 2011, the SJC denied further appellate review.

## DISCUSSION

Exhaustion of state remedies is a prerequisite for habeas relief.  *See* 28 U.S.C. § 2254(b)(1)(A) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that – (A) the applicant has exhausted the remedies available in the courts of the state . . . ."); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.").  To exhaust a claim in Massachusetts, a habeas petitioner must present the substance of the claim to the state's highest tribunal, the Supreme Judicial Court.  *See Josselyn v. Dennehy*, 475 F.3d 1, 3 (1st Cir. 2007).  Osborne, in other words, must give the state court "a fair opportunity" to consider his claims.  *Lanigan v. Maloney*, 853 F.2d 40, 42 (1st Cir. 1988).  That requirement applies to the facts and federal legal theories underlying each claim.  *See Jackson v. Coalter*, 337 F.3d 74, 86 (1st Cir. 2003).

"While courts must generally dismiss habeas petitions that are not fully exhausted, under some 'limited circumstances' a district court may stay a mixed

petition that contains both exhausted and unexhausted claims while the petitioner

exhausts his remedies in state court." *Sullivan v. Saba*, 840 F. Supp. 2d 429, 436 (D.

Mass. 2012). Under the "stay and abeyance procedure" endorsed by the United States

Supreme Court in *Rhines v. Weber*, 544 U.S. 269 (2005), a district court may stay a

mixed petition and hold it in abeyance while the petitioner returns to state court to

pursue the unexhausted claims. *Id.* at 275. However, as the Supreme Court has

cautioned, "[b]ecause granting a stay effectively excuses a petitioner's failure to

present his claims first to the state courts, stay and abeyance is only appropriate when

the district court determines there was good cause for the petitioner's failure to exhaust

his claims first in state court." *Id.* at 277.[1] Moreover, even if there is "good cause" for

the failure to exhaust, a petitioner must also establish that "his unexhausted claims are

potentially meritorious, and there is no indication that [he] engaged in intentionally

dilatory litigation tactics." *Id.* at 278.

It appears, as best the court can tell, that other than his claim regarding the

missing transcripts, Osborne's claims are unexhausted. *See* Def. Mem. at 7-8.

---

[1] "The requirement to show good cause may be applied more loosely with pro se prisoners." *Womack v. Saba*, 2012 WL 685888, at *3 (D. Mass. Mar.1, 2012), citing *Josselyn v. Dennehy*, 475 F.3d 1, 5 n.3 (recognizing that concerns about unwary pro se petitioners being trapped by the good cause requirement are not implicated where petitioner had been represented by counsel during state court proceedings). There is no reason to apply *Womack* here absent any attempt on Osborne's part to show good cause.

Because Osborne has not shown (or attempted to show) good cause for failing to exhaust his state-court remedies, a stay of this proceeding under *Rhines* is not warranted.

ORDER

For the foregoing reasons, defendants' motion to dismiss the Petition is ALLOWED.  The Clerk will close the case.

SO ORDERED.

/s/ Richard G. Stearns

_____

UNITED STATES DISTRICT JUDGE